## C. C. CURTIS v. MARY DAVIS.

ATTACHMENT — *Lien, Discharged* — *Ruling, When not Reversed.* This court will not reverse a ruling of the district court sustaining a motion to discharge certain specific personal property from the lien of an order of attachment, in a case where a large number of witnesses were examined orally, the record of whose testimony makes over a hundred pages, and about which there is much conflict, there being direct and positive evidence to support the ruling of the trial court.

*Error from Sumner District Court.*

THE opinion states the case.

*George, King, Schwinn & Wood,* for plaintiff in error.

*John M. Graham,* and *Isaac G. Reed,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Sumner county on the 21st day of February, 1888, by Curtis against W. E. and J. F. Davis, to recover judgment on five promissory notes, amounting to $170, with interest. An order of attachment was issued, and certain property that was alleged to belong to the said W. E. and J. F. Davis was seized by the sheriff. The Davis brothers filed a motion to dissolve the attachment, denying all causes therefor, but this motion was overruled. Mary Davis, this defendant in error, then filed her motion asking that certain property seized by the sheriff, to wit, two wagons, two ponies, two horses and one set of harness, be discharged from the attachment lien for the reason that said property belonged to her. This motion came on for hearing in regular order; eleven witnesses were examined orally before the court, and one hundred and fifteen pages of the record are devoted to their testimony. The trial court took the matter under advisement for several days, and then sustained the motion of the said Mary Davis, except as to one certain horse. Curtis, the attaching creditor, brings the action of the court on the motion of Mary Davis, here for review.

It is claimed that this evidence does not show that Mary Davis was the owner of the property which she claimed belonged to her. It is further asserted that even if she was the owner, she has acted so toward it herself, and permitted her sons to claim it in her presence, that she is now estopped from claiming it. As to the first, there is a finding of the trial court, necessarily included in the decision on the motion, that the property belonged to Mary Davis. It is beyond dispute that there is some evidence to support that finding. We do not hear the witnesses and observe their demeanor upon the stand, and consequently we cannot weigh the evidence; and from this condition arises a rule so often repeated that its assertion has become one of dull uniformity, that we can reverse only where there is no evidence to support a material fact. If there is any conflict among the witnesses, a finding by the court is as conclusive as if made by a jury.

This same rule is applicable to the existence of the facts upon which the estoppel rests. It is perfectly evident that if we should reverse on this ground, we would view the facts differently from the view taken by the trial court. While it would seem to us in some cases that the statements of the witnesses as they appear in the cold type would lead us to conclusions different from those adopted by the trial court, we must always recollect that the trial judge has had the very great advantage of a personal view of the witness, can observe his manner, note his demeanor, determine his degree of intelligence, estimate his feeling, weigh his interest in the result, develop his prejudices, and make due allowance either for his timidity, or for that "exceeding freshness" sometimes manifested on the witness stand. The operation of the rule so far as we have observed has invariably been in the interest of truth and justice. It compels us to say that in this particular case there is no legal cause for a reversal of the ruling of the trial court.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.